ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Friday, July 12, 2019 4:33:03 PM
CASE NUMBER: 2019 CV 03252 Docket ID: 33607601
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| KARA SCHAUF <br> 6570 Black Forest Ct. <br> Morrow, Ohio 45152, <br><br> Plaintiff, <br><br> vs. <br><br> ESTES EXPRESS LINES, INC., <br> d/b/a ESTES SUREMOVE <br> c/o Corporation Service Co., <br> Statutory Agent <br> 50 West Broad Street, Suite 1330 <br> Columbus, Ohio 43215, <br><br> and <br><br> JAMES CROWL <br> 5624 Tomiche Drive <br> Colorado Springs, Colorado 80923-3404, <br><br> and <br><br> JOHN DOE <br> (Name and Address Unknown), <br><br> Defendants. | Case No. _____ <br><br> (Judge _____) <br><br><br><br><br><br> COMPLAINT FOR PERSONAL INJURIES <br><br> (Jury Demand Endorsed Hereon) |

Plaintiff, Kara Schauf, for her Complaint for Personal Injuries against Defendants, Estes Express Lines, Inc., James Crowl, and John Doe, states and alleges as follows.

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an Ohio citizen and a resident of Morrow, Ohio.

2. Defendant, Estes Express Lines, Inc., d/b/a Estes SureMove ("Estes Express Lines"), is a Virginia corporation with its headquarters and principal place of business in Richmond, Virginia.

3. Estes Express Lines is a commercial trucking company that operates terminals and transports goods, including household goods, throughout Montgomery County, Ohio and the rest of the country. Defendant, John Doe, whose actual name and address are unknown and could not be discovered by Plaintiff, was acting as an agent, employee, or servant of Estes Express Lines when the events giving rise to this Complaint occurred.

4. Defendant, James Crowl ("Crowl"), is presently a Colorado citizen and a resident of Colorado Springs, Colorado. On or about July 15, 2017, Mr. Crowl was an Ohio citizen and resident of Mason, Ohio.

5. Estes Express Lines conducts regular, continuous, systematic and substantial business in Ohio. Jurisdiction in this Court is, therefore, proper pursuant to section 2307.382(A)(1) of the Ohio Revised Code ("R.C.") and Ohio Rule of Civil Procedure ("Civ. R.") 4.3(A)(1).

6. Jurisdiction is proper in this Court pursuant to R.C. 2307.382(A)(2) and Civ. R. 4.3(A)(2) because Estes Express Lines regularly, continuously, and systematically contracts to supply SureMove® semitrailers to Ohio citizens preparing to move their household goods from one residence to another. In accordance with SureMove® Household Moving agreements, the driver of a tractor unit bearing an Estes Express Lines logo and unique identifying number issued by the federal government ("USDOT number") hauls a 28-foot semitrailer (alternately, "trailer") to a customer's residence. The driver then detaches and parks the trailer in an area he deems sufficient in terms of height, depth, width, and maneuvering space. After the customer finishes loading the trailer, a driver returns in an Estes Express Lines tractor unit, attaches the trailer to that unit, then transports the trailer to the customer's new residence.

7. Jurisdiction is proper in this Court pursuant to R.C. 2307.382(A)(3) and Civ. R. 4.3(A)(3) because Defendants caused tortious injury to Plaintiff by an act or omission in Ohio.

8. Venue is proper in this Court pursuant to Civ. R. 3(B)(1) and the Ohio Supreme Court's holding in <u>Bennett v. Sinclair Refining Co.</u>, 144 Ohio St. 139, 57 N.E. 776 (1944), paragraph one of the syllabus, because a tort action against a foreign corporation may be brought in any county wherein such corporation owns property, or has debts owing to it, or where such defendant is found, and where an action is commenced in any such county, a summons may be issued against one or more other defendants.

FACTS COMMON TO ALL CLAIMS

9. On or about July 14, 2017, Defendant Crowl contracted with Estes Express Lines for the delivery and use of a SureMove® semitrailer. On or about the same date, Defendant Doe, while acting in the scope and course of his agency or employment for Estes Express Lines, attached a SureMove® semitrailer to a company-owned tractor unit and hauled the trailer to Meadow Drive in Mason, Ohio. Ultimately, Defendant Doe detached the trailer and parked it in the northbound lane, near the residence located at 8944 Meadow Drive.

10. However, Defendant Doe parked the trailer in the wrong direction, with its rear end, equipped with red lights and reflective tape, facing opposite the direction of travel. Consequently, the front wall of the trailer, which was not equipped with red lights or reflective tape, faced oncoming northbound motorists in the manner depicted below.



11. Defendant Doe also failed to place bidirectional triangles or other warning devices around the trailer to alert northbound motorists of its presence during nighttime hours.

12. Upon information and belief, Defendant Crowl knew the trailer was parked improperly and would not be seen or perceived by northbound motorists during nighttime hours. Despite that knowledge, Defendant Crowl directed Defendants Doe and Estes Express Lines to leave the trailer facing the wrong direction, and to forgo placing reflective triangles or warning devices around the trailer because doing so made it easier for him to load. In exchange, Defendant Crowl agreed to be partially or fully responsible for any property damage and bodily injuries resulting from the trailer's placement.

13. On July 15, 2017, at approximately 1:00 a.m., Plaintiff was driving a Ford Escape in the northbound lane of Meadow Drive in Mason, Ohio. Driving northbound on Meadow Drive requires one to drive uphill, and the road is not illuminated by street lighting.

14. While rounding a curve near 8944 Meadow Drive at approximately 20 miles per hour, Plaintiff suddenly and unexpectedly collided with the aforementioned SureMove® semitrailer (the "collision"). The following image depicts the trailer, Plaintiff's vehicle, and the lights of an ambulance which arrived shortly after the collision.



-4-

15. At all relevant times, Plaintiff was operating her automobile safely and in conformity with all applicable traffic laws and ordinances.

16. As a direct and proximate cause of the collision, Plaintiff endured significant facial wounds, pain, suffering, and permanent disfigurement.

FIRST CLAIM FOR RELIEF
(Negligence *Per Se*)

17. Plaintiff hereby incorporates the allegations in paragraphs 1 through 16 above as if fully rewritten herein.

18. At all relevant times, Defendants owed the general motoring public, and Plaintiff Kara Schauf specifically, the duty to park vehicles, including semitrailers, on roadways in accordance with section 4511.69(C)(1)(a) of the Ohio Revised Code.

19. Similarly, Defendants owed Plaintiff and the general motoring public a duty to ensure any semitrailer they parked on a roadway open to traffic exhibited, on the roadway side, a red light visible from at least five hundred feet to the rear of the vehicle pursuant to section 4513.10(A) of the Ohio Revised Code.

20. At all relevant times, Defendants also owed a duty to afford ample warning to Plaintiff and other motorists by placing bidirectional reflective triangles or other warning signals a distance of 100 to 500 feet from any semitrailer parked within 500 feet of a curve or other obstruction to view, in accordance with sections 392.22 and 393.95(f) of Title 49 of the Code of Federal Regulations.

21. Defendants' violations of the aforesaid regulations and statutory sections constitutes negligence *per se*.

22. As a direct and proximate result of Defendants' negligence *per se*, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $25,000.00.

## SECOND CLAIM FOR RELIEF
(Negligence)

23. Plaintiff hereby incorporates the allegations in 1 through 22 above as if fully rewritten herein.

24. On July 15, 2017, Defendants owed a duty to exercise the care necessary to avoid causing foreseeable injury to Plaintiff and other motorists.

25. Defendants breached the aforementioned duty when they improperly parked the semitrailer, and failed or refused to make any attempt to warn motorists of that hazard. Defendants further breached that duty by failing or refusing to move the trailer to a nearby driveway or other location to obviate the foreseeable risk of injury to Plaintiff and other motorists.

26. As a direct and proximate result of Defendants' negligence, Plaintiff has sustained personal injuries, over $44,000.00 of medical expense, permanent disfigurement, severe pain, emotional distress, and other economic and non-economic losses.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $25,000.00.

## THIRD CLAIM FOR RELIEF
(Vicarious Liability)

28. Plaintiff hereby incorporates the allegations in paragraphs 1 through 27 above as if fully rewritten herein.

29. At all relevant times, Defendant Doe was acting as an employee, agent or servant for Estes Express Lines.

30. Therefore, Estes Express Lines is vicariously liable for the injuries, disfigurement, and other damages that Plaintiff sustained due to Defendant Doe's above-described misconduct.

## FOURTH CLAIM FOR RELIEF
(Strict Liability)

31. Plaintiff hereby incorporates the allegations in paragraphs 1 through 30 above as if fully rewritten herein.

32. Regardless of employment relationship, Estes Express Lines is the registered owner of the USDOT number which appeared on the tractor unit that delivered the subject SureMove® semitrailer. Therefore, Estes Express Lines is responsible for the acts and damages caused by the driver of that tractor unit, and any other individual(s) who parked the trailer or otherwise acted in the manner described in paragraphs 10, 11, 12, 17, 18, 19, 20, 23, and 24 above.

33. Due to the actions of the individual(s) referenced in the preceding paragraphs, Plaintiff has been damaged in an amount to be determined at trial, which amount exceeds $25,000.00.

WHEREFORE, Plaintiff, Kara Schauf, demands judgment against Defendants, Estes Express Lines, Inc., James Crowl, and John Doe for compensatory damages exceeding $25,000.00, the costs of these proceedings, prejudgment interest, reasonable attorney fees, and for such other and further relief to which Plaintiff is entitled under applicable law.

Respectfully submitted,

/s/ Mitchell J. Anderson
Thomas J. Intili, Trial Attorney (0036843)
Mitchell J. Anderson (0086950)
Attorneys for Plaintiff
INTILI LAW GROUP, L.P.A.
2300 Far Hills Avenue
Dayton, Ohio 45419
Phone: (937) 226-1770
Fax:   (937) 281-1562
Email: tom@igattorneys.com
       mitch@igattorneys.com

-7-

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

/s/ Mitchell J. Anderson
Attorney for Plaintiff